# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

No. 13-50093
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUANITA LEYVA, also known as Juanita Reyes Leyva, also known as Juanita Reyes, also known as Juanita R. Leyva,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-600-4

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Juanita Leyva was convicted by a jury on four counts of healthcare fraud, one count of conspiracy to commit health care fraud, one count of theft or embezzlement in connection with health care fraud, and one count of making false statements related to health care matters. The district court sentenced Leyva to concurrent 18-month sentences, a downward

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

variance from the 27-to-33 months advisory guidelines range.  The court also sentenced her to concurrent two-year terms of supervised release and ordered her to pay restitution in the amount of $115,416.04.  Leyva timely appealed.

Leyva contends that the district court erred in excluding evidence of her willingness to submit to a polygraph examination.  Citing *United States v. Posado*, 57 F.3d 428 (5th Cir. 1995),  she first claims that the district court made an error of law in holding that polygraph examinations are unreliable and per se inadmissible and that the district court misapplied the law to the facts of her case.  She asserts that her willingness to take a polygraph test was relevant because it "demonstrates a consciousness of innocence, and thus makes the issue of whether she acted knowingly or willfully less likely."

Federal Rule of Evidence 403 allows the exclusion of evidence if its relevance is substantially outweighed by its prejudicial effect.  We review a district court's evidentiary rulings for "abuse of discretion, subject to harmless error review." *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011).  A court abuses its discretion when its evidentiary ruling "is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *Id.* (internal quotation marks and citation omitted).

Contrary to Leyva's assertion, the district court did not misapply the law and exclude the evidence on the basis that polygraph examinations are unreliable and per se inadmissible.  The district court followed the reasoning in *Baker v. Holman*, 2011 WL 2414451 (N.D. Miss. June 13, 2011) (unpublished), which applied our reasoning in *Posado*.  The district court conducted the necessary Rule 403 balancing test and determined that the probative value of Leyva's offer to take a polygraph examination was outweighed by the potential prejudice and misleading of the jury.  In light of the deference we give to a district court's evidentiary ruling, we conclude that

the court did not abuse its discretion in excluding the evidence. *See Jackson*, 636 F.3d at 692. Further, given the strength of the government's case, any error on the part of the district court in excluding the evidence would have been harmless. *See United States v. Isiwele*, 635 F.3d 196, 201-02 (5th Cir. 2011).

Leyva also contests the district court's calculation of her advisory guidelines range. Specifically, she contends that the enhancement of her sentence, pursuant to U.S.S.G. § 2B1.1(b)(2)(B) (2011), on the basis of the number of victims involved in the offense violated the Ex Post Facto Clause. She also challenges the district court's determination of the amount of loss and the court's enhancement for "means of identification" pursuant to U.S.S.G. § 2B1.1(b)(11)(C)(ii).

As the government notes, in imposing the 18-month concurrent sentences, the district court indicated that it would impose the same sentences based on the factors of 18 U.S.C. § 3553(a) if it misapplied the Guidelines on any basis asserted by Leyva. In view of the foregoing, the government has met its burden of establishing that any error in calculating Leyva's advisory guidelines range was harmless. *See United States v. Richardson*, 676 F.3d 491, 511 (5th Cir. 2012); *United States v. Bonilla*, 524 F.3d 647, 656 (5th Cir. 2008). The judgment of the district court is
AFFIRMED.